Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAMOINE WADDLE,<br><br>Defendant. | NO. CR22-149 RSM<br><br>**PLEA AGREEMENT** |

The United States, through United States Attorney Charles Neil Floyd and Special Assistant United States Attorney Laura Harmon of the Western District of Washington and Defendant Lamoine Waddle and Defendant's attorneys Dennis Carroll and Becky Fish enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in a Superseding Information.

Plea Agreement - 1
United States v. Waddle, CR22-149 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Superseding Information:

    a.    Possession of Obscene Visual Representations of the Sexual Abuse of Children, as charged in Count 1, in violation of Title 18, United States Code, Section 1466A(b)(2), and

    b.    Aiding and Abetting Failure to Register or Update Sex Offender Registration in violation of Title 18, United States Code, Sections 2250(a) and 2(a).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense.** The elements of the offenses to which Defendant is pleading guilty are as follows:

    a.    The elements of Possession of Obscene Visual Representations of the Sexual Abuse of Children, as charged in Count 1, in violation of Title 18, United States Code, Section 1466A(b)(2), are as follows:

*First*, the defendant knowingly possessed a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting;

*Second*, the visual depiction is an image that is or appears to be a minor engaging in graphic bestiality, sadistic or masochistic abuse, or sexual intercourse;

*Third*, the visual depiction lacks serious literary, artistic, political, or scientific value; and

Plea Agreement - 2
*United States v. Waddle*, CR22-149 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Fourth*, the visual depiction has been shipped or transported in interstate or foreign commerce by any means, including by computer.

    b.    The elements of Aiding and Abetting Failure to Register or Update Sex Offender Registration, as charged in Count 2, in violation of Title 18, United States Code, Sections 2250(a) and 2(a), are as follows:

*First*, someone else committed the crime of Failure to Register or Update Sex Offender Registration;

*Second*, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the crime of Failure to Register or Update Sex Offender Registration;

*Third*, the defendant acted with the intent to facilitate the crime of Failure to Register or Update Sex Offender Registration; and

*Fourth*, the defendant acted before the crime was completed.

4.    **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

    a.    For the offense of Possession of Obscene Visual Representations of the Sexual Abuse of Children, as charged in Count 1: imprisonment for up to 10 years, a fine of up to $250,000, a period of supervision following release from prison up to three years, and a mandatory special assessment of $100. Defendant also understands that unless the sentencing Court finds Defendant to be indigent, an additional mandatory special assessment of $5,000 will be imposed.

    b.    For the offense of Aiding and Abetting Failure to Register or Update Sex Offender Registration, as charged in Count 2: imprisonment for up to ten years, a fine of up to $250,000, a period of supervision following release from prison of between five years and life pursuant to Title 18, United States Code, Section 3583(k), and a mandatory special assessment of $100.

Plea Agreement - 3
*United States v. Waddle*, CR22-149 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States, or may have consequences with respect to citizenship status if Defendant is a naturalized citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from

Plea Agreement - 4
*United States v. Waddle*, CR22-149 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the United States presumptively mandatory. In some instances, a criminal conviction may be grounds for revocation of naturalized citizenship status. Removal, de-naturalization, and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration or naturalized citizenship status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's removal from the United States or loss of naturalized citizenship.

6. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a.  The right to plead not guilty and to persist in a plea of not guilty;

   b.  The right to a speedy and public trial before a jury of Defendant's peers;

   c.  The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d.  The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e.  The right to confront and cross-examine witnesses against Defendant at trial;

   f.  The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

   g.  The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h.  The right to appeal a finding of guilt or any pretrial rulings.

7. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the

Plea Agreement - 5
*United States v. Waddle*, CR22-149 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

   a.   The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

   b.   After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

   c.   The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

   d.   Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8.   **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9.   **Statement of Facts.** Defendant admits Defendant is guilty of the charged offenses. The parties agree on the following facts:

Plea Agreement - 6
United States v. Waddle, CR22-149 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

     a.    Between on or about January 2019 and on or about November 2020, in the Western District of Washington, Lamoine Waddle knowingly possessed an animated image that appears to be of a minor engaging in graphic bestiality. The image showed part of the pubic area of the animal. The image lacked serious literary, artistic, political, or scientific value, and had been transported in interstate or foreign commerce over the internet. Waddle used his Samsung Galaxy S10+ cell phone, which investigators seized from his residence on or about November 19, 2020, to commit this offense. Forensic examination of Waddle's phone showed that it contained at least 15 videos and three images of child sexual abuse material.

     b.    Between March and September of 2020, Lamoine Waddle aided and abetted Adult 1 in committing the crime of Failure to Register or Update Sex Offender Registration. Specifically, Waddle knew Adult 1 was required to register as a sex offender based on Adult 1's prior conviction for Possession of Child Pornography in Wyoming. Further, Waddle knew that although Adult 1 was registered at a residence in Bothell, WA, Adult 1 was not living there. Waddle knew this because he and Adult 1 lived together, first in Centralia and then in Edmonds, WA. When Waddle and Adult 1 moved from Centralia to Edmonds, Waddle helped Adult 1 with the move by assisting Adult 1 with packing his belongings, transporting them, and helping Adult 1 unpack in Edmonds. Waddle knew that Adult 1 then intended to live in Edmonds where Adult 1 was not registered as a sex offender. For some period of weeks, Waddle and Adult 1 then lived together in Edmonds and Waddle knew that during that time, Adult 1 did not update his sex offender registration as required by law.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

Plea Agreement - 7
*United States v. Waddle*, CR22-149 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10. **Sentencing Factors.** The parties agree that Counts 1 and 2 are closely related counts pursuant to §3D1.2(d) of the Sentencing Guidelines and thus constitute one Group. The parties further agree that for Count 1, the base offense level is 18, pursuant to U.S.S.G. §2G2.2(a)(1), with a 2-level increase for use of a computer to possess the material, pursuant to U.S.S.G. §2G2.2(b)(6), and a five-level increase, pursuant to U.S.S.G. §2G2.(b)(7)(D) because the offense involved 600 or more images, yielding an offense level of 25. The parties further agree that for Count 2, the base offense level is 16, pursuant to U.S.S.G. §2A3.5(a)(16).

Because this Group involves offenses of the same general type to which different guidelines apply, the parties agree that pursuant to U.S.S.G. §3D1.3(b), the higher of the two offense levels, i.e., 25, is the applicable offense level.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. For example, Defendant understands the United States will recommend an additional two-level increase pursuant to U.S.S.G. §2G2.2(b)(2) because the material involved a minor under the age of 12 years. Defendant understands, however, that at the time of sentencing, the Court is free to reject the stipulated adjustments and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Plea Agreement - 8
United States v. Waddle, CR22-149 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Government agrees to cap its recommendation at the low end of the guidelines range as calculated by the Court. Defendant is free to make any recommendation permitted by law. Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this plea agreement, Defendant agrees that restitution in this case should not be limited to the offense of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea to include those losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts including series victims whose files were possessed by Defendant who may seek restitution. In exchange for the promises by the United States contained in this plea agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

   a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that Defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's

Plea Agreement - 9
United States v. Waddle, CR22-149 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

        b.     Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

Plea Agreement - 10
*United States v. Waddle*, CR22-149 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a). In addition, in any event, the government will consider Defendant's cooperation regarding restitution in making its sentencing recommendation.

14. **Forfeiture of Assets.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in all property Defendant used to commit or to facilitate the commission of Possession of Obscene Visual Representations of the Sexual Abuse of Children, as charged in Count 1, as well as any proceeds of the offense, and any data files consisting of or containing obscene materials within the meaning of 18 U.S.C. § 1467(a)(1). All such property is forfeitable pursuant to Title 18, United States Code, Section 1467(a), and includes, but is not limited to the following devices seized from Defendant's home in Seattle, King County, Washington, on or about November 19, 2020:

a. a Samsung Galaxy S10+ cell phone, IMEI 355048101224780.

Defendant agrees to fully assist the United States in the forfeiture of this property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. Defendant also agrees Defendant will not assist anyone else who may file a claim to this property in any federal forfeiture proceeding.

Plea Agreement - 11
*United States v. Waddle*, CR22-149 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if Defendant used that property to commit or to facilitate Defendant's commission of the identified offenses.

15. **Abandonment of Contraband.** Defendant agrees to abandon any interest he may have in any non-contraband data files contained on the Samsung Galaxy S10+ cell phone, IMEI 355048101224780, and Defendant consents to the administrative disposition of these data files, including their destruction. Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

16. **Registration as a Sex Offender.** Defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16911 et seq., Defendant is entering a plea of guilty to a sex offense and is a sex offender as those terms are defined in the Act. Defendant further agrees that pursuant to the Act, Defendant is required to register as a sex offender, and keep the registration current, in each jurisdiction where Defendant resides, is an employee, and is a student. Defendant further agrees that for initial registration purposes only, Defendant is required also to register in the jurisdiction in which Defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

17. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by

Plea Agreement - 12
*United States v. Waddle*, CR22-149 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

18. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is

Plea Agreement - 13
United States v. Waddle, CR22-149 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

19. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty pleas required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence

Plea Agreement - 14
*United States v. Waddle*, CR22-149 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

20. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

21. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

22. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This

/

/

/

/

Plea Agreement - 15
United States v. Waddle, CR22-149 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 29 day of October, 2025.

*[signature]*
LAMOINE WADDLE
Defendant

*[signature]*
DENNIS CARROLL
BECKY FISH
Attorneys for Defendant

*[signature]* CM for CG
MARCI L. ELLSWORTH
Assistant United States Attorney

*[signature]* CM for LH
LAURA HARMON
Special Assistant United States Attorney

Plea Agreement - 16
United States v. Waddle, CR22-149 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970